**In the matter of Lillian LEES, an incapacitated adult.**

**Linda L. NELSON, Petitioner,**

v.

**The Honorable Tyrone E. MEDLEY, Third District Court Judge, Respondent.**

**The Division of Aging and Adult Services, Utah Department of Human Services, Real Party in Interest.**

**No. 970307.**

Supreme Court of Utah.

July 16, 1997.

Michael A. Jensen, Salt Lake City, for Nelson.

Brent M. Johnson, Salt Lake City, for Judge Medley.

Jan Graham, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for Department of Human Services.

PER CURIAM:

Petitioner Linda Nelson is the daughter of Lillian Lees, an incapacitated adult. Judge Glenn Iwasaki issued an emergency order at the behest of the Division of Aging and Adult Services under which Ms. Lees was forcibly removed from the Nelson home and placed in a health care center.

The Division of Aging and Adult Services alleged in general terms in the documents presented to Judge Iwasaki that this was an emergency situation justifying immediate removal of Ms. Lees from the Nelson residence. The Division sought an order authorizing forcible entry under section 62A–3–306 into the Nelson premises by law enforcement officers. The Division did not give Ms. Nelson, Ms. Lees, or anyone else at least 24 hours of advance notice before the hearing on the petition, as required by section 62A–3–307 of the Code. The Division's petition did not include a request that the trial court waive the 24–hour advance notice requirement contained in section 62A–3–307, nor did the court's order contain an explicit finding that the court was waiving this 24–hour notice requirement upon a showing that the statutory conditions contained in section 62A–3–307(2)(a) and (b) had been met. After the order's issuance, the Division immediately executed the order with the assistance of law enforcement personnel and removed Ms. Lees from the Nelson house and put her in a nursing care facility.

Following execution of the order, Ms. Nelson requested the district court, Judge Tyrone Medley presiding, to set aside the emergency order on several grounds and to order Ms. Lees returned. For purposes of the present proceeding, the pertinent ground is that the 24–hour notice required was not given and Judge Iwasaki's emergency order did not explicitly waive the 24–hour notice requirement, thereby making the emergency order invalid. Judge Medley held a hearing and concluded that while the order "did not explicitly waive the 24–hour notice requirement ..., such a waiver is reasonably inferred and supported by the circumstances of this case." In the interim, the Division has filed a petition to establish a guardianship over Ms. Lees. The trial on that matter has been set for August 1, 1997.

Mr. Nelson sought an extraordinary writ from this court, which we treat as one in the nature of habeas corpus. The only contention raised before us is that there are insufficient grounds in the record to justify Judge Medley's conclusion that one can reasonably infer from the record before Judge Iwasaki

that he granted a waiver of the 24–hour notice requirement of section 62A–3–307(2). We find merit in Ms. Nelson's contention.

 Section · 62A–3–307 provides that notice of a petition for an emergency order, along with supporting facts,

> shall be given to the person to be protected, and to his spouse, if he is married, or to his adult children or his next of kin, and to his guardian if one has been appointed. This notice shall be given at least 24 hours prior to a hearing for emergency intervention.

Under the facts of the present case, Ms. Nelson was entitled to this notice. Section 62A–3–307(2) permits the trial court to waive this notice requirement upon a specific showing that

> (a) immediate and reasonably foreseeable physical harm to the person or others will result from a 24 hour delay; and (b) reasonable attempts have been made to notify the person, his spouse, if he is married, his adult children or next of kin, and his guardian, if one has been appointed.

This provision contains very explicit requirements of proof that must be met before a trial court may order a waiver of the 24–hour notice. In addition, because of the significant liberty interests at stake, we conclude that before granting such a waiver, the trial court should set forth clearly in its order that it has considered these requirements and has found on the record evidence that the requirements of section 62A–3–307(2)(a) and (b) have been met. In the present case, this was not done, and there is no basis in the record for inferring that these requirements have been satisfied. The petition is silent as to the facts that would show any justification for waiver, as is the trial court's order. Under these circumstances, the issuance of the emergency order without first giving notice and holding a hearing violated the statute. Consequently, the resulting removal of Ms. Lees from the Nelson residence and her placement in a care facility was unlawful.

We are mindful that in these unique circumstances, moving Ms. Lees, a seriously ill and mentally impaired older person, from her present situation back to the Nelson home could be unnecessarily disruptive and potentially harmful to her health. A trial is to be held on August 1st to determine whether the State should assume guardianship over Ms. Lees, with the potential for a further move for Ms. Lees. Accordingly, while this court orders the release of Ms. Lees and her return to the Nelson household, we stay the order for 72 hours. Within that period, the Division may file another petition for an emergency order that meets the requirements of the statute. The 24–hour notice required by section 62A–3–307 shall be provided. The trial court with which the petition is filed should then hold a hearing as contemplated by the statute to determine whether, after Ms. Nelson has had an opportunity to respond to the allegations of the petition, there are sufficient grounds to conclude that Ms. Lees' removal from the Nelson home was warranted by section 62A–3–306 and that therefore she should remain in her present situation. In the event that no such petition is filed within 72 hours, Ms. Lees is ordered returned to the Nelson home.